UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | No. 3:11-CR-35 |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL A. OGLE, | ) | (REEVES / GUYTON) |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the Court on the Defendant Michael Ogle's *pro se* Motion to Dismiss Indictment [Doc. 65], filed on February 12, 2014. See 28 U.S.C. § 636(b). The Defendant argues[1] that the three-week delay between the filing of his Indictment on April 5, 2011, and his arraignment on April 27, 2011, violates his rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. The Government responded [Doc. 72], on March 5, 2014, arguing that (1) the twenty-two-day period between indictment and arraignment was necessary to bring the Defendant, who was already serving a federal sentence, to this district; (2) even if the delay was unnecessary, the Defendant was not prejudiced; and (3) dismissal of the Indictment is not the proper remedy. The Defendant was given [Doc. 68] until March 28, 2014, to file a reply to the Government's response but chose not to do so.

---

[1] In addition to his initial motion [Doc. 65], the Defendant filed two additional *pro se* motions on February 18, 2014 [Doc. 67], and February 25, 2014 [Doc. 70], raising nearly identical challenges to the Indictment in this case. Noting that the time for filing pretrial motions has long-expired, the Court stated [Doc. 71] that it would consider these additional motions to be legal memoranda in support of his Motion to Dismiss Indictment [Doc. 65].

1

On May 8, 2014, the parties appeared for an evidentiary hearing on the motion. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. The Defendant represented himself with the assistance of his elbow counsel, Attorney Charles T. Webber, Jr. The Government presented the testimony of Deputy United States Marshal Marcus Ball. The Defendant had his elbow counsel read a prepared statement into the record. On May 14, 2014, the Defendant supplemented his motion with a copy of the prepared statement [Doc. 79], stating that Mr. Webber did not read the back of the first page of the statement at the hearing. After receiving the Defendant's supplemental filing, the Court took the motion under advisement. For the reasons set forth below, the Court finds that the three-week delay between indictment and arraignment does not warrant dismissal of the charge in this case. Accordingly, the Court **RECOMMENDS** that the Defendant's Motion to Dismiss Indictment be denied.

## I. POSITIONS OF THE PARTIES

The Defendant asks the Court to dismiss the Indictment because he contends that the Government unnecessarily delayed in bringing him before the Court for his arraignment. He argues that his arraignment should have occurred within seventy-two hours of his indictment pursuant to Rule 5(a) of the Federal Rules of Criminal Procedure and McNabb v. United States, 318 U. S. 332 (1943). Although he acknowledges that one day of the delay was due to his request for counsel other than the Federal Defender, the Defendant asserts that the remaining three weeks was unnecessary and violated his Fifth Amendment right to the due process of law.[2]

---

[2]The Defendant also summarily states that the delay between his Indictment and his arraignment violates the Fourth and Fourteenth Amendments. The Defendant does not explain

The Government responds that the twenty-two days between the filing of the Indictment and the Defendant's arraignment were necessary to bring the Defendant, who was in federal custody serving a lengthy sentence, to Knoxville for his arraignment. Moreover, it argues that the Defendant was not prejudiced by the delay, because the grand jury had already made a probable cause finding, the Defendant was already incarcerated, and the Defendant was aware of his rights due to his prior exposure to the criminal justice system. Finally, the Government maintains that dismissal of the Indictment is not the appropriate remedy for a violation of Federal Rule of Criminal Procedure 5(a).

In his supplemental filing [Doc. 79], the Defendant argues that because the Government took five and one-half months to charge him after the alleged offense, it did not need an additional twenty-two days to bring him to his arraignment. He asserts that the failure to bring him before a magistrate judge within forty-eight to seventy-two hours of his April 5, 2011 Indictment deprived him of liberty without due process of law in violation of the Fifth Amendment to the Constitution.[3]

---

how his rights under these constitutional provisions were violated, nor how these Amendments apply to his case. Although, as a general rule, *pro se* pleadings are liberally construed, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." Erwin v. Edwards, 22 F. App'x 579, 580 (6th Cir. 2001). Moreover, the Court "should not have to guess at the nature of the claim asserted." Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). Thus, the Court will analyze only the Defendant's Fifth Amendment claim.

[3]In his supplemental filing, the Defendant also raises new issues regarding his incarceration. The Court finds these allegations are unrelated to the Defendant's motion and unsubstantiated. If the Defendant has issues with the conditions of his detention in the Blount County Detention Center, he is instructed to seek relief through the administrative channels available at the jail and, with the assistance of his elbow counsel, through the United States Marshals Service.

## II. SUMMARY OF TESTIMONY

The Government presented the testimony of Deputy United States Marshal Marcus Ball from Greeneville, Tennessee. Deputy Ball testified that he is the case agent on this case. He stated that in November 2010, the Defendant had been convicted in case number 3:08-CR-125 and was in United States Marshal custody at the Washington County Detention Center, while awaiting designation by the Bureau of Prisons (BOP) to a BOP facility. Deputy Marshal Ball stated that on November 18, 2010, the Defendant attempted to escape from Washington County Detention Center. The Defendant was indicted for attempted escape on April 5, 2011. On April 14, 2011, the United States Marshals received a Special Request [Exh. 1] by facsimile from the United States Attorney for the Eastern District of Tennessee asking them to bring the Defendant to the United States District Court in Knoxville on April 26, 2011. Deputy Marshal Ball testified that because the Defendant was already in United States Marshal custody, he was transferred from Washington County to the Claiborne County jail, from which he was transported to the federal courthouse in Knoxville. Deputy Marshal Ball testified that the Defendant made no statements to law enforcement between April 5 and April 26, 2011.

In addition to presenting the testimony of Deputy Ball, AUSA Stone proffered that his office coordinated with the undersigned's Chambers staff to select a date for the arraignment that was suitable for both the Court and the Government. AUSA Stone stated that this is how hearings of this type are routinely scheduled in this district.

## II. FINDINGS OF FACT

Based upon Court records in case numbers 3:08-CR-125 and 3:11-CR-35 and the testimony and exhibit from the May 8 hearing, the Court makes the following findings of fact:

On July 30, 2009, Defendant Michael Ogle entered a guilty plea in case number 3:08-CR-125 to armed bank robbery, brandishing a firearm during a crime of violence, and carjacking. The Judgment [No. 3:08-CR-125, Doc. 84] of conviction in that case, which was entered on November 5, 2010, states that the Defendant is sentenced to a total term of imprisonment of 245 months. Following his sentencing hearing on November 5, 2010, the Defendant was transported to the Washington County Detention Center, where he remained in United States Marshal custody while awaiting designation to a Bureau of Prisons facility.

On April 5, 2011, the grand jury returned a single count Indictment [Doc. 1] in the instant case, charging the Defendant with attempting to escape from federal custody in the Washington County Detention Center on November 18, 2010. On April 14, 2011, AUSA Tracy Stone sent by facsimile an Attorney Special Request form to Deputy Warren Mays of the U.S. Marshal Service. This Special Request asks the U.S. Marshal for the Eastern District of Tennessee to produce the Defendant, who is in custody at the Washington County Jail, before the United States District Court in Knoxville, Tennessee, at 1:30 p.m., on April 26, 2011, for prosecution in case number 3:11-CR-35. Also on April 14, 2011, an electronic notice was entered, stating that the Defendant's initial appearance and arraignment on the Indictment was scheduled for April 26, 2011. The Defendant made no statements to law enforcement between April 5, 2011, and April 26, 2011.

The Defendant appeared before the undersigned on April 26, 2011. The minutes from that

5

hearing reflect that Assistant Federal Defender Kim Tollison, who represented the Defendant in case number 3:08-CR-125, was present for appointment but that the Defendant requested a different attorney. The Court granted the Defendant's request and continued the hearing to the next day to have counsel from the Criminal Justice Act (CJA) panel present. The Defendant appeared again on April 27, 2011. The Court appointed Attorney Robert Vogel to represent the Defendant and then conducted the arraignment.

## IV. ANALYSIS

The Fifth Amendment to the Constitution of the United States provides in pertinent part that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law[.]" The Defendant challenges the timing of his presentment before the Court for arraignment on his charge. "[P]resentment is the point at which the judge is required to take several steps to foreclose Government overreaching: informing the defendant of the charges against him, his right to remain silent, his right to counsel, the availability of bail, and any right to a preliminary hearing; giving the defendant the chance to consult with counsel; and deciding between detention or release." Corley v. United States, 556 U.S. 303, 320 (2009) (citing Fed. R. Crim. P. 5(d)). At common law, prompt presentment required an officer to take an arrested person before a magistrate judge "as soon as he reasonably could." Id. at 307. Federal Rule of Criminal Procedure 5(a) codified this requirement and provides that "[a] person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge . . . unless a statute provides otherwise."

Rule 9 of the Federal Rules of Criminal Procedure governs in a case such as this one, in which the defendant is brought before the Court following the issuance of an indictment. Rule

6

9(c)(1)(B) provides that an officer executing an arrest warrant issued pursuant to an indictment "must proceed in accordance with Rule 5(a)(1)." Thus, the unnecessary delay standard also applies in the case of an indictment. The Advisory Committee Notes to Rule 5(a)(1) state that "[w]hat constitutes 'unnecessary delay', i.e., reasonable time within which the prisoner should be brought before a committing magistrate, must be determined in light of all the facts and circumstances of the case."

First, the Court observes that the Government is correct that dismissal of the Indictment is not the appropriate remedy for the lack of a prompt presentment. "An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." Costello v. United States, 350 U.S. 359, 363 (1956). The Defendant's motion does not challenge the legal or procedural sufficiency of the Indictment,[1] and the Court finds that the Indictment is valid. See United States v. Overmyer, 899 F.2d 457, 465 (6th Cir. 1990) (noting the "well-accepted principle that grand jury indictments are presumed valid"). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974); United

---

[1] In his supplemental filing [Doc. 79], the Defendant argues that the prosecution should not have charged him with attempted escape. The Court perceives this to be an argument against the fact of the Indictment, rather than about its constitutional or procedural sufficiency. "In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). The prosecutor's decision to prosecute an individual is entitled to a "'presumption of regularity[,]'" and "'in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.'" United States v. Armstrong, 517 U.S. 456, 464 (1996) (quoting United States v. Chemical Foundation, Inc., 272 U.S. 1, 14-15 (1926)).

7

States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting Hamling). In the present matter, the Defendant is charged with one count of attempting to escape from federal custody in violation of 18 U.S.C. § 751. The date when the crime allegedly occurred is provided, as well as the location of the alleged attempted escape, and the language in the Indictment tracks the language of the statute. The Court finds that the Indictment provides the Defendant with notice of the crime with which he is charged and protects him from double jeopardy. The Indictment is constitutionally sound.

Instead, the consequence for an unnecessary delay in bringing a defendant before the Court is the suppression of a confession given prior to initial appearance and arraignment. In McNabb, the Supreme Court announced that confessions taken in violation of the prompt presentment requirement would be excluded. 318 U.S. at 346-47. The Supreme Court upheld this ruling in Mallory v. United States, 354 U.S. 449 (1957), and the rule derived from these cases thereafter became known as the McNabb-Mallory rule—"an arrested person's confession is inadmissible if given after an unreasonable delay in bringing him before a judge." Corley, 556 U.S. at 306. Subsequently, Congress enacted 18 U.S.C. § 3501(c), which provides a "safe harbor" for confessions given within six hours of arrest notwithstanding a delay in presentment, provided that confession was voluntarily given. United States v. McDowell, 687 F.3d 904, 909 (7th Cir. 2012).

In this case, the Defendant does not allege that he gave a confession or statement as a result of the delay between the filing of the Indictment and his arraignment. Moreover, Deputy Marshal Ball testified that the Defendant did not give any statements to law enforcement during this time. Accordingly, the Court finds that the Defendant has shown no prejudice stemming from the three-week delay because no evidence resulting from the delay will be used against him. See United States v. Zavada, 291 F.2d 189, 191 (6th Cir. 1961) (declining to vacate guilty plea due to alleged

8

violation of Rule 5(a), because even if belatedly arraigned, "[n]o evidence obtained prior or subsequent to his arraignment was used against him").

Second, the Court finds that even if the three-week delay in this case was unnecessary, the Defendant suffered no direct or collateral prejudice. "For the purposes of Rule 5(a), delay is measured from the time custody by federal authority commences." United States v. Barlow, 693 F.2d 954, 958 (6th Cir. 1982); see also United States v. Franklin, No. 3:10-CR-55, 2013 WL 3974176, *3 (M.D. Tenn. Aug. 1, 2013) (holding no unnecessary delay between filing of writ of habeas corpus ad prosequendum for defendant in state custody and defendant's initial appearance and arraignment before federal magistrate judge over six weeks later because delay not measured until defendant in federal custody). Here, Defendant Ogle was already in the custody of the U.S. Marshals Service and was awaiting designation to federal prison at the time he was indicted. Thus, the Court counts the time of the delay from April 5, 2011. Sometime before April 5 and April 14, 2011, the Assistant United States Attorney's office contacted Chambers and scheduled an initial appearance and arraignment on April 26, 2014. On April 14, 2011, the Assistant United States Attorney issued a Special Request form, asking that the Defendant be transported to Knoxville pursuant to 18 U.S.C. § 3621(d) (providing that the "United States marshal shall, without charge, bring a prisoner into court or return him to a prison facility on order of a court of the United States or on written request of an attorney for the Government"). The Defendant was brought before the Court on April 26, 2011, but his arraignment did not occur until the following day because the Defendant requested different counsel. Thus, the Court finds that this last day before the arraignment on April 27 was not attributable to the Government.

The Government argues that the twenty-one-day delay in this case was necessary to

9

prepare and process the paperwork to arrange for the Defendant to be brought to Knoxville and to accommodate the schedules of the Court and the United States in selecting a hearing date. The Court acknowledges that some additional time to arrange for and then transport a defendant in custody from Washington County to Knoxville would be necessary. However, the evidence presented at the May 8 hearing does not support a finding that the processing and transport within the district took three weeks. Instead, Deputy Marshal Ball testified that the Marshals received the request to transport on April 14, nine days after the return of the Indictment, and transported the Defendant first to the Campbell County jail, where he was held until he was brought to Court in Knoxville. Based on the evidence presented at the May 8 hearing, the Court cannot find that a three-week delay between indictment and arraignment in this case was necessary.

Even if the three-week delay was unnecessary, the facts and circumstances of this case show that the three-week delay did not cause the Defendant any prejudice. As discussed above, the Defendant did not make any statements to law enforcement in that time period. Thus, the Government gained no evidence to use against the Defendant as a result of the failure to present him promptly for arraignment. Additionally, there is no indication that the three-week delay interfered with the Defendant's ability to defend against the escape charge.

Finally, the Court finds that the Defendant did not suffer "collateral prejudice" due to the three-week delay in presentment. The United States District for the Eastern District of Michigan considered whether a defendant experienced collateral prejudice from being confined in a jail, rather than in a BOP facility, for over a year following his arrest for escape and before his arraignment. United States v. McLemore, 447 F. Supp. 1229, 1238-39 (E.D. Mich. 1978) (dismissing the indictment for want of prosecution under Fed. R. Crim. P. 48(b), because the defendant, who was

10

in federal custody serving a prior sentence, suffered "collateral prejudice" from a seventeen-month delay between his escape and arraignment). The court found that if the defendant had not been "held in limbo" on the escape charges, he could have been returned to a BOP facility where he would have been eligible for rehabilitative programs. Id. at 1238-39. Here, unlike the defendant in McLemore, Defendant Ogle did not suffer collateral prejudice from the three-week delay. Defendant Ogle had not yet been designated to a BOP facility at the time of the Indictment. Thus, he was not eligible to begin rehabilitative programs during the three weeks between his indictment and arraignment.

The Defendant argues in his supplemental filing that due to the delay in his arraignment, he was "held incommunicado without advice of friends or counsel." Assuming for the sake of argument that this allegation is true,[2] the Court finds no evidence that these restrictions on the Defendant's liberty were due to the delay in arraignment, rather than the level of security deemed necessary for the Defendant, given his prior convictions and his alleged attempt to escape. Moreover, the Defendant also states that he continues to be "locked down" twenty-three hours of each day and has been since 2008. Thus, the Court finds that the restrictive nature of the Defendant's confinement is not due to the three-week delay between his indictment and arraignment.

Accordingly, the Court finds that even if the three-week delay between the Defendant's indictment and arraignment was unnecessary, it did not cause the Defendant any prejudice, direct or collateral. Moreover, the Court finds nothing occurred during this three-week period that will compromise the fairness of the Defendant's trial.

---

[2]The Defendant contends that he was and is presently restricted to his cell twenty-three hours of each day, but he put on no proof in that regard at the evidentiary hearing.

# V. CONCLUSION

The Court has considered the motion, the parties' briefs and supplemental filings, and the relevant case law and finds no basis to dismiss the Indictment. Accordingly, the Court **RECOMMENDS** that the Defendant's *pro se* Motion to Dismiss Indictment [**Doc. 65**] be **DENIED**.[3] The Clerk of Court is **DIRECTED** to mail a copy of this Report and Recommendation to the Defendant at the Blount County Detention Center.

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).