UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:11-CV-35-PLR-HBG |
| | ) |
| Michael A. Ogle, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On June 13, 2014, the Honorable H. Bruce Guyton, United States Magistrate Judge, entered a Report and Recommendation, [R. 80], in which he recommended the defendant's motion to dismiss his Indictment, [R. 65], be denied. This matter is presently before the Court on Mr. Ogle's objection to the Report and Recommendation. [R. 81]. For the reasons that follow, the Court agrees with Judge Guyton's thorough analysis of the motion. Consequently, Mr. Ogle's objections will be overruled, the Report and Recommendation will be accepted in whole, and the underlying motion to dismiss will be denied.

On November 5, 2010, Mr. Ogle was sentenced to serve a term of 245 months imprisonment for armed bank robbery, brandishing a firearm during a crime of violence, and carjacking. [Case No. 3:08-CR-125, Doc. 84]. He was subsequently transferred to the Washington County Detention Center where he remained in the United States Marshal's custody while awaiting designation to a Bureau of Prisons facility.

On April 5, 2011, a grand jury returned a single count Indictment in the present case charging Mr. Ogle with attempting to escape the Washington County Detention Center on November 18, 2010. [Doc. 1]. On April 14, 2011, AUSA Tracy Stone sent a facsimile to the U.S. Marshals requesting they produce Mr. Ogle before the United States District Court in Knoxville, Tennessee on April 26, 2011 for prosecution in this case. The Marshals brought the defendant to Knoxville for his initial appearance and arraignment on the Indictment on April 26, 2011. Mr. Ogle contends the 21-day delay between indictment and arraignment constitutes unnecessary delay in violation of his Fifth Amendment right to the due process of law. Accordingly, he seeks to have his Indictment dismissed.

Judge Guyton's Report and Recommendations found Mr. Ogle's motion to dismiss should be denied for two reasons. *First*, dismissal of an indictment is not a proper remedy for the lack of prompt presentment. *Second*, even if the three-week delay was unnecessary, Mr. Ogle suffered no direct or collateral prejudice.

Mr. Ogle timely objected to the Report and Recommendation. [R. 81]. Mr. Ogle objects to any determination that the three-week delay was necessary, [*Id.* at 1]; he contends the delay resulted in the deprivation of his life, liberty, and due process of law; and he claims he was denied "[j]urisdiction the equal protection of the laws" under the Fifth and Fourteenth Amendments.[1]

---

[1] Mr. Ogle does not explain how his Fourteenth Amendment rights were violated or elaborate on his jurisdictional argument. Although, as a general rule, *pro se* pleadings are liberally construed, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Moreover, the Court "should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Thus, the Court will analyze only the Defendant's Fifth Amendment claim.

Magistrate Judge Guyton's Report and Recommendation was entered pursuant to 28 U.S.C. § 636(b). When a party objects to the magistrate's report and recommendations, the district judge "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b).

Mr. Ogle's six-page filing only vaguely makes arguments relating to Judge Guyton's Report and Recommendations; instead, the bulk of the pleading discusses a conspiracy he believes the government has perpetrated against him. As far as the Court can discern, the only argument relating to Magistrate Guyton's Report and Recommendation is that the three-week delay between indictment and arraignment was unnecessary. This contention, however, does not change the result. As Judge Guyton found, even if the delay was unnecessary, Mr. Ogle suffered no direct or collateral prejudice as a result. The only prejudice alleged by Mr. Ogle is that he had "been in a county jail for 6 years because of this government. . . ." and that he could have done "a lot of things if [he] had not been in prison." [*Id.* at 5]. But Mr. Ogle's time in prison is not the result of the government's delay in his presentment. Even without the delay in presentment, Mr. Ogle would still be in prison serving his 245 month sentence for armed bank robbery, brandishing a firearm, and carjacking.

Accordingly, Mr. Ogle's objections to the Magistrate Judge Guyton's Report and Recommendations [Doc. 80] are **OVERRULED.** The Court **ACCEPTS IN WHOLE** the Report and Recommendation under 28 U.S.C. § 636(b)(1). For the reasons stated in the Report and Recommendations, which the Court adopts and incorporates into its ruling, Mr. Ogle's motion to dismiss his indictment [R. 65] is **DENIED**.

**IT IS SO ORDERED.**

                                                                                         _/s/ Pamela L. Reeves_
                                                                       **UNITED STATES DISTRICT JUDGE**