UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA,      )
                               )
             Plaintiff,        )
                               )
v.                             )      Nos.:  3:08-CR-125-TAV-JEM-1
                               )             3:11-CR-035-TAV-JEM-1
MICHAEL A. OGLE,               )
                               )
             Defendant.        )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se motions for compassionate release [Docs. 164, 165]. The Federal Defender Services of East Tennessee has filed a notice of no intent to supplement [Doc. 170]. The government has responded in opposition [Doc. 172]. For the reasons set forth more fully below, defendant's motions for compassionate release [Docs. 164, 165] are **DENIED**.

## I.      Background

On July 30, 2009, defendant pled guilty to armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (3), 2 (Count 2), using or carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) and 2 (Count 3), and carjacking, in violation of 18 U.S.C. §§ 2119 and 2 (Count 4) [Case No. 3:08-cr-125, 63]. United States District Judge Thomas W. Phillips sentenced defendant to a total term of imprisonment of 245 months, consisting of 125 months as to each Counts 2 and 4, to be served concurrently, and a term of 120 months as to Count 3, to be served consecutively to Counts 2 and 4 [Case No. 3:08-cr-125, Doc. 84].

Defendant was subsequently indicted on a charge of escape, in violation of 18 U.S.C. § 751 (Count 1) [Case No. 3:11-cr-35, Doc. 1].  Defendant proceeded to trial and was found guilty [Case No. 3:11-cr-35, Doc. 112].  United States District Judge Pamela L. Reeves sentenced defendant to 30 months, to be served consecutively to the sentence imposed on Case Number 3:08-CR-125 [Case. No. 3:11-cr-35, Doc. 149].

## II.    Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute."  *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)).  "One exception—commonly referred to as 'compassionate release'—permits the court to reduce a term of imprisonment if it finds, among other things, that 'extraordinary and compelling reasons warrant such a reduction.'"  *Rutherford v. United States*, 608 U.S. ___, slip op. at 1 (2026) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception.  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018); *Rutherford*, slip op. at 4.  Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons.  Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in § 3553(a) to the extent that they are applicable" if it finds:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id.* Defendant seeks relief under § 3582(c)(1)(A)(i) [Docs. 140, 146, 155].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not

3

need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III.   Analysis

#### A.   Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, the government concedes that this requirement has been at least partially satisfied here [Doc. 172, p. 3]. Accordingly, the Court will proceed to evaluate defendant's motion per the three-step test explained above.

#### B.   Extraordinary and Compelling Reasons

Turning to whether defendant has set forth extraordinary and compelling grounds for relief, the Court first notes that the United States Court of Appeals for the Sixth Circuit previously held that "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the

4

time, did not contemplate inmate-filed motions for compassionate release, but instead, was limited to circumstances where the Bureau of Prisons filed a motion on an inmate's behalf. *Id.* at 1109–10; *see also* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 (U.S. SENT'G COMM'N 2018).

However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to encompass inmate-filed motions for compassionate release. U.S. SENT'G GUIDELINES MANUAL § 1B1.13 (U.S. SENT'G COMM'N 2023). It thus appears that the Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to inmate-filed motions for compassionate release is no longer consistent with the Guidelines. *See United States v. Nash*, No. 23-3635, 2024 WL 1979067, at *3 (6th Cir. Apr. 30, 2024) (noting the amendment to § 1B1.13 and stating that "prior to [the date of amendment], no guideline policy statement applied to compassionate-release motions brought by defendants, and a district court could deny a defendant-filed motion without reference to any policy statement"); *see also United States v. Ringgold*, No. ELH-17-232, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines. This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A)."). However, "[t]he new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release." *United States v. Davis*, No. 3:20-cr-16, 2023 WL 7356579, at *2 (W.D. N.C. Nov. 7, 2023).

As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances. U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b)(1)–(6).

Recently, the Supreme Court provided some guidance as to the meaning of the term "extraordinary and compelling." "The term 'extraordinary' means 'most unusual,' 'far from common,' or 'having little or no precedent.'" *Rutherford*, slip op. at 8. "'Compelling,' meanwhile, means 'tending to convince or convert by or as if by forcefulness of evidence.'" *Id.* "Putting these definitions together 'extraordinary and compelling' reasons for compassionate release are those that are especially unusual and convincing." *Id.* at 8–9. Thus "[w]hile the terms 'extraordinary' and 'compelling' leave room for judgment, they are not so flexible as to encompass any consideration." *Id.* at 11. Rather, "[t]heir meaning depends on context: A reason is 'extraordinary' and 'compelling' only if it is sufficiently unusual and convincing to 'warrant' compassionate release." *Id.*

In his motion, defendant indicates that the "extraordinary and compelling" grounds for his release are his mental health and an "unusually long sentence" based on the stacking of § 924(c) sentences [Doc. 164, pp. 3–6]. But approximately a month before defendant filed this motion, the Court denied defendant's prior motion for compassionate release, which relied on these same grounds [Doc. 163]. Specifically, the Court determined that under *United States v. Bricker*, No. 24-3286, 2025 WL 1166016 (6th Cir. Apr. 22, 2025), the Court was precluded from considering nonretroactive change in the law as extraordinary and compelling grounds

6

for relief [*Id.* at 6–8].  Further, the Court determined that defendant had not demonstrated that his mental conditions inhibited his ability to provide self-care, particularly given the records indicating that he is receiving specialized care in BOP custody [*Id.* at 10].

In his newest motions, defendant simply references these issues and provides no further details about any change of circumstances since the Court's prior denial of compassionate release on these grounds.  Indeed, as to defendant's arguments that his sentence under § 924(c)'s prior "stacking" scheme, since the Court's prior order, the Supreme Court has affirmed that such cannot be an extraordinary and compelling ground for compassionate release.  *Rutherford*, slip op. at 16.  Accordingly, for all the reasons set forth in the Court's prior order [Doc. 163], which the Court adopts and incorporates herein, the Court finds that defendant has not shown extraordinary and compelling reasons supporting his request for compassionate release.

## IV.    Conclusion

For the reasons set forth more fully above, defendant's motions for compassionate release [Docs. 164, 165] are **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
